CLD-103                                                             NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3114
_____

ANGELA ANDERSON,
Appellant

v.

DEPARTMENT OF HOUSING; FRANK LUBINSKI;
JOSEPH RAINER; SARA KEENLEY; MARK KAUFFMAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-22-cv-04954)
District Judge:  Honorable Christine P. O'Hearn

_____

Submitted for Possible Dismissal due to a Jurisdictional Defect and
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 11, 2024
Before:  KRAUSE, FREEMAN, and SCIRICA, Circuit Judges

(Opinion filed: May 17, 2024)
_____

OPINION[*]
_____

PER CURIAM

    In August 2022, appellant Angela Anderson filed a complaint in the District Court

against the Department of Housing and several individuals.  She alleged that the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

defendants were "interfere[ing] with safe housing" by forcing her to live with "no heat, no electric, no stove, holes in walls, [and] infestation of rodents." Am. Compl. 3, ECF No. 7. She also alleged that she had been subjected to stalking, harassment, slander per se, domestic violence, identity theft, theft, video-surveillance, and phone-tapping. With respect to a cause of action, she referenced the Violence Against Women Act (VAWA). See 34 U.S.C. § 12291–12514. Upon screening, the District Court determined that the complaint was legally baseless because the VAWA does not provide for a civil cause of action. Therefore, the District Court dismissed the complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Anderson appealed.[1]

We will summarily affirm. As the District Court noted, the VAWA does not provide a federal civil remedy for gender-motivated violence. United States v. Morrison, 529 U.S. 598, 627 (2000) (holding the VAWA's civil cause of action unconstitutional). To the extent that Anderson's allegations may state claims under New Jersey law, the District Court acted within its discretion in declining to exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367(c)(3); Doe v. Mercy Cath. Med. Ctr., 850 F.3d 545, 567 (3d Cir. 2017) (explaining that a court may decline to exercise

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Fed. R. App. P. 4(a)(7). We exercise plenary review over the District Court's sua sponte dismissal under § 1915(e)(2)(B). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

supplemental jurisdiction under § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction). There was no independent basis for jurisdiction over Anderson's claims, as federal agencies do not have citizenship for purposes of establishing diversity, see Com. Union Ins. Co. v. United States, 999 F.2d 581, 584 (D.C. Cir. 1993), and the complaint indicates that Anderson and the individual defendants are all citizens of New Jersey, see 28 U.S.C. § 1332. Finally, given the nature of Anderson's allegations, amendment would have been futile. See LaSpina v. SEIU Pa. State Council, 985 F.3d 278, 291 (3d Cir. 2021).

Accordingly, we will summarily affirm.